UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Ultra Safe Nuclear Corporation, et al.[1], | ) | |
| | ) | Chapter 11 |
| | ) | Case No. 24-12443-KBO |
| Debtors. | ) | (Jointly Administered) |
| ───────────────────────────── | ) | |
| | ) | |
| Standard Nuclear, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary Proceeding |
| | ) | No. 24-50282-KBO |
| Ultra Safe Nuclear Corporation, et al. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| ───────────────────────────── | ) | |

**EMERGENCY MOTION FOR ENTRY OF INJUNCTIVE RELIEF**

Standard Nuclear, Inc., moves the Court in accordance with Rule 7065 of the Federal Rules of Bankruptcy Procedure for the entry of a temporary restraining order and, after hearing, a preliminary injunction enjoining and prohibiting the Debtors from conducting an auction for which they have no qualified bids and for which they previously provided the Stalking Horse bidder notice of cancellation of the auction.  In support of its Motion, Standard Nuclear states the following:

**Nature of the Emergency**

1.      The Debtors have received no qualified bids for the assets that are the subject of the stalking horse bid and **at 4:57 pm, Wednesday, December 11, 2024, counsel to the Debtors**

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Ultra Safe Nuclear Corporation (9774); Ultra Safe Nuclear Corporation Technologies (9815); USNC-Power Ltd. (6500); and Global First Power Limited (7980).

**wrote to Standard Nuclear to advise that "Confirmed that there will be no auction for the assets that are the subject of Standard Nuclear's purchase agreement."**

2.      At 8:00 pm, the Debtors sent a further message to advise that while they still had received no qualified bids, they may convene an auction.   They then advised at 11:00 pm that they would not inform the stalking horse bidder Standard Nuclear about whether an auction would take place until the start of the auction.

3.      Standard Nuclear reasonably relied on the notice of cancellation of the auction. *Standard Nuclear has requested that the Debtors delay any auction until the Court has the opportunity to rule on its request for injunctive relief, but the Debtors have failed to respond to that request.*

## Facts

4.      The Debtors, Ultra Safe Nuclear Corporation, Ultra Safe Nuclear Corporation – Technologies and USNC Holdings, LLC (collectively the "Debtors"), entered into an asset purchase agreement with Standard Nuclear, Inc. for the sale of certain assets, known colloquially by the parties as the "Fuel Assets" [See APA at Dkt No[2]. 140] (the "APA").

5.       As provided by the terms of the APA, the Debtors sought the entry of an order establishing certain bidding procedures.   The Court entered the bidding procedures order on November 21, 2024 [Dkt No. 141] (the "Bidding Procedures Order"). The Bidding Procedures Order established Monday, December 9, 2024 at 4:00 pm as the deadline for submitting bids and, in the event qualifying bids were received  an auction date of December 12, 2024.

6.      The Debtors received no qualifying bids by the bid deadline.

---

[2] Docket references are to the docket in the main proceeding.

7.      The Bidding Procedures Order provides that within 24 hours of finding that a bid or bids were qualified the Debtor would provide notice to all parties.  Bidding Procedures Order at ¶ 16, p. 10.  The Debtor did not provide any notice.

8.      On the afternoon of Wednesday, December 11, 2024, at 2:21 p.m. the Debtor's investment banker contacted Standard Nuclear's principal, Thomas Hendrix, to ask if Standard Nuclear was interested in reducing the assets it was purchasing and lowering its bid price so that another potential bidder could purchase those assets.  Mr. Hendrix expressed confusion at the approach and the banker reassured him that Standard Nuclear was the only bidder and he also did not see any reason for Standard Nuclear to accede to such a request.  **Following that call, at 4:57 pm, Wednesday, December 11, 2024, counsel to the Debtors,  wrote to Standard Nuclear to advise that "Confirmed that there will be no auction for the assets that are the subject of Standard Nuclear's purchase agreement."**

9.      In reliance on this statement,  Standard Nuclear advised its limited partners and financial backers that there would be no auction and no need for them to confer or participate.   At 8:00 p.m. counsel wrote to further advise that "[a]s a result of Standard not agreeing to release certain of the assets currently included as part the stalking horse bid to the other bidder as Intrepid requested earlier, that bidder is now likely to supplement / modify its bid to include the fuel business."

10.     As of 10:22 p.m., the Debtors had still received no qualified bids.

11.     At 11:00 pm the Debtors advised Standard Nuclear that they would not provide notice of any qualified bids until the start of the auction.

**<u>Argument</u>**

12.    The requirements for the issuance of a preliminary injunction are a showing of (1) irreparable harm if the injunction is denied, (2) a likelihood of success on the merits, (3) a balancing of hardships and (4) the public interest favors the relief. <u>In re CD Liquidation Co., LLC</u>, 462 B.R. 124, 134 (Bankr. D. Del. 2011) <u>citing</u> <u>Kos Pharms., Inc. v. Andrx Corp.</u>, 369 F.3d 700, 708 (3d Cir.2004).

*Likelihood of Success*

13.    The Debtors cancelled the auction at 4:57 pm the night before the auction. Three hours later they purported to rescind that cancellation.

14.    The APA[3] specifically incorporates the Debtors agreement to abide by the terms of the Bidding Procedures Order.  By failing to provide the required notice of qualifying bids the Debtors have breached the terms of that Order and the terms of the APA.  The argument that the Debtors could delay their determination of qualifying bids not to review bids that had been received but, without any relief from the Court, to unilaterally solicit a new round of bids is without merit.

15.    Delaware courts have established that "[t]he implied covenant of good faith and fair dealing inheres in every contract and requires a party in a contractual relationship to refrain from arbitrary or unreasonable conduct which has the effect of preventing the other party to the contract from receiving the fruits of the bargain." <u>Kuroda v. SPJS Holdings, L.L.C.</u>, 971 A.2d 872, 888 (Del. Ch.2009)

16.    The Debtors conduct as set forth in the Complaint was inherently unreasonable and unfair.

---

[3] Capitalized terms, unless otherwise indicated, have the meaning ascribed to them in the Complaint.

17.     The failure of a Debtor to abide by the terms of a bidding procedures order constitutes grounds for contempt. See, In re Achaogen, Inc., 649 B.R. 238, 248 (Bankr. D. Del. 2023).

*Irreparable Harm*

18.     The Fuel Assets are unique assets and if Standard Nuclear is unilaterally prohibited from meaningfully participating in any auction of the assets it will be irreparably harmed by that loss.

*Balance of Harms/Public Interest*

19.     The Debtors will not be harmed by being compelled to comply with the orders of the Court and the public interest will be served by entering an order upholding the fair and impartial conduct of the auction process.

*Notice*

20.     The Plaintiff has provided copies of these pleadings to Debtors counsel and requested that delay the conduct of the auction. Counsel has failed to respond to that request.

Wherefore, the Plaintiff prays that the Court enter the injunctive relief prayed for in the

Complaint and that the Court  grant such other and further relief as is just.

Date:   December 12, 2024                    **Nelson Mullins Riley & Scarborough LLP**
            Wilmington, DE


_____*/s/ Peter J. Haley*_____ _____
Peter J. Haley, *pro hac vice*
One Financial Center, Suite 3500
Boston, Massachusetts 02111
Tel:  (617) 217-4714
Fax: (617) 217-4710
email:  peter.haley@nelsonmullins.com


**SULLIVAN · HAZELTINE · ALLINSON LLC**


William D. Sullivan (No. 2820)
919 North Market Street, Suite 420
Wilmington, DE  19801
Tel: (302) 428-8191
Fax: (302) 428-8195
Email: bsullivan@sha-llc.com

*Attorneys for Standard Nuclear, Inc.*